UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                         :

DESMOND LAMONT CARTER,       :

                         :   **MEMORANDUM**
            Petitioner,    :   **DECISION AND ORDER**
       - against -       :

                         :   09 Civ. 3680 (BMC)

NEW YORK STATE and ULSTER    :
CORRECTIONAL FACILITY,        :
                         :

           Respondents.   :
                         :
--------------------------------------------------------- X

**COGAN**, District Judge.

This matter is before the Court on petitioner's § 2254 petition for a writ of habeas corpus. For the reasons set forth below, the petition is denied.

### BACKGROUND

In 1994, petitioner pled guilty to two robberies in Supreme Court, New York County. He was released from the Ulster Correctional Facility in New York in October 2003 and placed on parole. Thereafter, the New York State Division of Parole ("Division") granted petitioner permission to transfer his parole from New York to Virginia. On February 14, 2009, petitioner violated the terms of his release when he left Virginia without the permission of his parole officer and was arrested for petit larceny in Maryland.

On April 8, 2009, the Virginia parole authorities conducted a preliminary parole revocation hearing at the request of the Division. At the hearing, petitioner admitted that he left Virginia without his parole officer's approval. Accordingly, the hearing officer found probable cause that he violated his parole and recommended that he be extradited to New York.

On June 12, 2009, the Division issued and lodged a warrant to return petitioner to New York in order to appear at a final parole revocation hearing. The Virginia parole authorities notified the Division on June 19, 2009 that petitioner was available for extradition. On June 23, 2009, the Division executed the warrant for petitioner.

At the final parole revocation hearing, which commenced on July 3, 2009 in New York, the Division requested an adjournment for "notice."[1] Counsel for petitioner challenged the adjournment and claimed (1) it was not on consent so the time should be charged to the Division – not petitioner; and (2) his client had been held for more than 90 days in violation of his due process rights. The court noted that the timeliness issue was beyond the scope of the hearing and adjourned the hearing until July 20, 2009. At the July 20 hearing, petitioner pled guilty to violating the terms of his release, and his counsel once again unsuccessfully raised the timeliness issue. Petitioner was sentenced to a 90-day program administered by the Department of Corrections, which he completed on November 17, 2009, and is currently on parole.[2]

## DISCUSSION

Petitioner commenced this action claiming that he was improperly detained for more than 90 days before his final parole revocation hearing in New York. He maintains that his final hearing should have been held on or before July 8, 2009 – 90 days from the preliminary hearing held in Virginia. Respondents contend that this petition is unexhausted, not cognizable on federal habeas review, and without merit. Specifically, respondents claim that the hearing was

---

[1] The Division requested an adjournment for "notice" under N.Y. Executive Law § 259-i(3)(f)(iii), which provides that both the parolee and his counsel "shall be given written notice of the date, place and time of the hearing as soon as possible but at least fourteen days prior to the scheduled date." In this case, petitioner did not receive proper notice under § 259-i(3)(f)(iii) because the hearing was scheduled less than 14 days after he was extradited.

[2] Petitioner completed his program at a drug rehabilitation center in Willard, New York.

held within the requisite timeframe because the 90-days did not begin to run until petitioner was returned to New York.

## A. Conversion of Motion to a Petition under 28 U.S.C. § 2254

On March 10, 2010, this Court notified petitioner of its intent to convert his motion, which was originally brought under 28 U.S.C. § 2241, to a petition for habeas corpus under 28 U.S.C. § 2254. See Cook v. New York State Div. of Parole, 321 F.3d 274, 278 (2003) (finding that the district court properly construed a petition brought by a state prisoner under § 2241 to challenge the revocation of his parole, as a petition under § 2254). Petitioner was provided the opportunity to withdraw or amend his motion by notifying the Court in writing of his intention within 21 days from the date of the Order. To date, petitioner has failed to notify the Court that he wishes to withdraw or amend his petition, and as such it shall be adjudicated as a motion under § 2254.[3]

## B. Exhaustion Requirement

It is well-settled that a federal court may not grant habeas relief to a state prisoner, unless the prisoner has first exhausted his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); Aparicio v. Artuz, 269 F.3d 78, 89 (2d Cir. 2001). In order "[t]o satisfy § 2254's exhaustion requirement, a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal courts, to the highest court in the pertinent state." Aparicio, 269 F.3d at 89 (internal citations and quotation marks omitted). The exhaustion requirement encompasses state administrative remedies. See Pena v. Ellis, No. 07-cv-2736, 2007 WL 4565032, at *3 (E.D.N.Y. Dec. 21, 2007) (petitioner's challenge to parole revocation deemed unexhausted because he did not file administrative appeal). A claim is considered unexhausted if the

---

[3] On March 22, 2010, mail sent to petitioner at the Willard Drug Treatment Center was returned as undeliverable. As it is petitioner's obligation to inform the Court of any change in address, this Court will proceed in adjudicating this dispute.

petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); see 9 N.Y. Comp.Codes R. & Regs. § 8006.1(b) (proper process for appealing a decision in New York is for appellant to file a notice of appeal within 30 days).

Petitioner fails to set forth any prior attempts he has made to adjudicate this claim in state court. To the contrary, in answering question 6(c) of his petition, which inquired as to whether "you filed, or ... contemplate filing, a petition attacking the judgment which imposed the sentence to be served in the future," petitioner responded "No." As there is no indication that petitioner has even attempted to address his complaint through any means other than this habeas petition, this Court finds his claim to be unexhausted.

## C. Failure to State a Claim for Relief

Nonetheless, even assuming that petitioner has satisfied the exhaustion requirement, he still fails to assert a claim for which federal habeas relief may be granted. Habeas corpus relief is limited to a petitioner held in state custody in violation of the Constitution or a federal law or treaty. 28 U.S.C. § 2254(a); Chandler v. Florida, 449 U.S. 560, 570 (1981) ("[I]n reviewing a state court judgment, [federal courts] are confined to evaluating it in relation to the Federal Constitution."). Federal habeas review does not extend to alleged errors of state law. Wainwright v. Sykes, 433 U.S. 72, 81 (1977); Engle v. Isaac, 456 U.S. 107, 121 n. 21 (1982) ("mere error of state law is not a denial of due process") (internal quotation marks omitted).

In this case, petitioner alleges that the Division violated New York state law by failing to hold a final revocation hearing within 90-days of his preliminary violation hearing.[4] As petitioner is only asserting a violation of state law, he fails to present an issue cognizable in a

---

[4] It appears that petitioner is referring to N.Y. Executive Law § 259-i(3)(f)(i), which provides that "[r]evocation hearings shall be scheduled to be held within ninety days of the probable cause determination."

federal habeas corpus petition. See, e.g., Longo v. Carberry, No. 96-cv-1417, 1998 WL 236177, *3 n.5 (N.D.N.Y. May 7, 1998) (finding no implication of a protected liberty interest where petitioner claimed the Parole Board failed to abide by its own guidelines in holding a hearing within 90-days).

**D. Petitioner's Claim is without Merit**

In any event, petitioner's claim is meritless as the final parole revocation hearing was held within the applicable 90-day time period. Petitioner incorrectly claims that his final revocation hearing should have been held within 90-days of the preliminary hearing, which was held in Virginia on April 8, 2009. See N.Y. Executive Law § 259-i(3)(f)(i). However, when petitioner transferred his parole from New York to Virginia, the terms of his parole became subject to the Interstate Compact for Adult Offender Supervision.[5] See N.Y. Executive Law § 259-mm. As such, Executive Law § 259-o, which governs interstate hearings for parole violations, sets forth the appropriate timeframe for when petitioner's final parole revocation should have been held.

Under subsection (4), "[w]henever a preliminary violation hearing is conducted in another state pursuant to this section, the alleged violator must be afforded a final hearing within ninety days from the *date of his return to this state*." N.Y. Executive Law § 259-o(4) (emphasis added). "This statute has been interpreted to mean that *'all* New York parole violators who had been released to other States pursuant to Executive Law § 259-m [as is the case here], and who were later incarcerated in such States, would not be entitled to final parole revocation hearings until within 90 days after their return to New York,' rather than from the date of any preliminary hearing." People ex rel. Freeman v. Warden, Anna M. Kross Center, 617 N.Y.S.2d 729,

---

[5]The Interstate Compact for Adult Offender Supervision is a reciprocal arrangement that enables New York to release its parolees to the supervision of other states that are compact signatories, which includes Virginia.

729 (1994) (quoting <u>People ex rel. Corby v Sullivan</u>, 525 N.Y.S.2d 715, 715 (1988)) (alteration in original).

Accordingly, the 90-day time period does not begin to run until the foreign jurisdiction releases the parolee from custody and he becomes available for retaking by the Division. <u>People ex rel. Matthews v. New York State Div. of Parole</u>, 95 N.Y.2d 640, 645 (2001). The parolee will not be considered to be in the control of the Division until the warrant is deemed executed. <u>See id.</u> A warrant is deemed executed once "the alleged violator is detained exclusively on the basis of [the New York] warrant and the [Division] has received" the necessary notification regarding extradition. N.Y. Executive Law § 259-i(3)(a)(iii).

In this case, petitioner was held exclusively on the basis of the Division's warrant as of June 12, 2009; however, Virginia did not notify the Division that petitioner was available for extradition until June 19, 2009. Therefore, the 90-day time period to hold petitioner's final revocation hearing did not begin to run until June 19, 2009. Since his final parole revocation hearing took place on July 3 and July 20, 2009, petitioner was not denied a timely hearing.

## CONCLUSION

For the reasons set forth above, the petition is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. 28 U.S.C. § 2253. Further, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United</u>

States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962). The Clerk of the Court is directed to enter judgment and mail a copy of this Order to petitioner *pro se*.

**SO ORDERED.**

/Signed by Judge Briam M. Cogan/

U.S.D.J.

Dated: Brooklyn, New York
      April 8, 2010